Honorable John J. McCarthy
You requested our opinion whether Montgomery County is precluded from adopting a county-wide truancy law that would allow the police to arrest and detain students under the age of 16 who are truant from school. Your inquiry raises the question whether the State has preempted local legislation relating to truancy.
In our opinion, a local law providing for the arrest or detention of a student on the basis of truancy alone would be preempted by State law.
 I Truancy
A. Definition
Under Maryland law, all children who are five years of age or older and less than 16 years old must attend school. See
Annotated Code of Maryland, Education Article ("ED"), § 7-301;[1] COMAR § 13A.08.01.01A. A person who has legal custody or care and control of a child is responsible for ensuring that the child attends school. ED § 7-301(c). Certain school officials may excuse students from the compulsory attendance requirement for "lawful absences." ED § 7-301(b). *Page 192 
Regulations of the Maryland State Department of Education ("MSDE") elaborate the concept of truancy in relation to the compulsory attendance law. A student is "truant" if the student is absent from school (for all or part of the day) for an "unlawful" reason. COMAR 13A.08.01.04B. The MSDE regulations specify when a child's absence from school is "lawful." COMAR 13A.08.01.03. Among the lawful reasons for absence are illness of the student, death in the student's immediate family, hazardous weather conditions, emergencies, religious holidays, and other specified circumstances.Id. Absences for any other reason are presumed to be "unlawful." COMAR 13A.08.01.04A. Local school systems are authorized to adopt additional criteria for unlawful absences in their attendance policies. Id.
A truant student is classified as "habitually truant" when the student is unlawfully absent from school for more than 20 per cent of the school days (or portions of days) in any marking period, semester, or year. COMAR 13A.08.01.04C. A local school system may define habitual truancy in a "more but not less stringent manner" than the MSDE definition. Id.
B. Investigation and Reporting
In order to remedy the causes of truancy, the principal of a school is to report to the county superintendent or other designated school official the names of any students who have been absent or had irregular attendance. ED § 7-302(a). The local school system is to investigate the cause of a student's habitual truancy. ED § 7-302(b)(1). It may provide counseling and may notify the Department of Juvenile Services ("DJS") of the student's habitual truancy. ED § 7-302(b)(2)-(3).
If a habitually truant student has previously been adjudicated a "child in need of assistance" and committed to the custody of the local department of social services, the school system is to notify that department of the child's habitual truancy. ED § 7-302(b)(3)(ii). If the student has previously been adjudicated a "child in need of supervision" and committed to the custody of DJS, the school system is to notify DJS of the habitual truancy. ED § 7-302(b)(3)(iii).
C. Remedies, Penalties, and Other Consequences
State law attempts to combat truancy in a number of ways. The various provisions are designed to treat the causes of a child's failure to attend school and to provide incentives and support to improve *Page 193 
attendance. However, State law specifically precludes suspension or expulsion of a child from school solely for attendance-related reasons. ED § 7-305(b).[2] Nor does it provide for criminal prosecution of a truant child.
1. Juvenile Causes
Truancy may be at least part of the basis for a juvenile court to find that a child is a "child in need of assistance." See
CJ § 3-801 et seq.; see also In re Ann M.,309 Md. 564, 525 A.2d 1054 (1987). If a court makes such a finding it may commit the child to the custody of the local department of social services, the Department of Health and Mental Hygiene, or certain individuals, and may order various types of treatment.See, e.g., CJ § 3-819, § 3-824.
By definition, a habitually truant child "who requires guidance, treatment, and rehabilitation" is a "child in need of supervision" ("CINS"). CJ § 3-8A-01(e). An allegation that a student is habitually truant and a CINS is to be directed to a DJS intake officer. The intake officer conducts a review of the allegation and either: 1) authorizes the filing of a petition with the juvenile court to have the student adjudicated a CINS; 2) proposes an informal resolution of the case; or 3) does not authorize the filing of a CINS petition. CJ § 3-8A-10(c)(3). If the intake officer authorizes the filing of a CINS petition, the juvenile court then holds a hearing and determines the validity of the allegations and an appropriate disposition. CJ § 3-8A-18, 3-8A-19. If the juvenile court finds that a habitually truant student is a CINS, possible dispositions include placing the student on probation, transferring custody or guardianship of the student, placing the student in DJS custody, or adopting a plan for the student to receive treatment services. CJ § 3-8A-19(d).
2. Behavior Modification Programs
If a school's truancy rate exceeds a specified percentage of its student body, the school must establish or expand a Positive Behavioral Interventions and Support Program or similar program in the school in collaboration with MSDE. ED § 7-304.1(c); seealso COMAR 13A.08.06.03. That Program is a "research-based, systems approach method [designed] to build capacity among school staff to *Page 194 
adopt and sustain the use of positive, effective practices to create [a good learning environment]." ED § 7-304.1(a).
3. Truancy Reduction Pilot Programs
The General Assembly has authorized the Judiciary to establish Truancy Reduction Pilot Programs in the juvenile courts of several counties.[3] CJ § 3-8C-02. Under such a program, truancy is defined as a "Code violation and . . . a civil offense." CJ § 3-8C-03(a) — (b).[4] An authorized school official may initiate a proceeding by filing a petition with the juvenile court alleging a violation. CJ § 3-8C-04. The law sets forth the procedures that must be followed to petition the juvenile court to adjudicate the student in violation of the Code. CJ § 3-8C-04-06.[5] If the student is found in violation, the penalties that can be imposed are designed to rehabilitate the student. Specifically, the court can order the child to attend school, and participate in various types of programs, including counseling, substance abuse evaluation and treatment, and mental health evaluation and treatment. CJ § 3-8C-06(d). The court can also order the child to perform community service and abide by a curfew set by the court. Id
 4. Other Consequences
The General Assembly has also included a disincentive for truant behavior in the State Motor Vehicle Law. In particular, a student under the age of 16 may not obtain a learner's permit for driving if the student has more than 10 unexcused absences in the semester prior to applying for the permit. Annotated Code of Maryland, Transportation Article ("TR"), § 16-105(a)(3).[6] A *Page 195 
certified copy of the applicant's attendance record must accompany a student's application for a permit. Id.
 5. Criminal Prosecution
Parents and guardians who fail in their legal responsibility to ensure that their child attends school are guilty of a misdemeanor and may be fined or imprisoned, or both. ED § 7-301(e)(2). In addition, any person who induces or attempts to induce a child to be truant or who employs or harbors a truant child is guilty of a misdemeanor and subject to fine and imprisonment. ED § 7-103(e)(1). The truant child is not subject to criminal prosecution. Cf. In re Ann M.,309 Md. 564, 525 A.2d 1054 (1987) (reversing criminal contempt conviction of child who violated court order to attend school on the ground that it was an abuse of discretion to employ contempt power when court could have treated child as a CINS).
D. Authority to Arrest Truant Student
State law does not authorize the police to arrest a child for truancy alone. A police officer may arrest a child pursuant to a court order or an arrest warrant issued with respect to an offense, or without a warrant if the officer has probable cause to believe the child has committed certain offenses. See
CJ §§ 3-8A-14(a)(1)-(2); Annotated Code of Maryland, Criminal Procedure Article, § 2-201 et seq. In addition, an officer (or other person authorized by a court) may take a child into custody if there are reasonable grounds to believe that the child is a runaway or that the child is in immediate danger from the child's surroundings and that removal is necessary for the child's protection. CJ §§ 3-8A-14(a)(3)-(4). While some truant students may also fall into one of these categories — e.g., a truant who commits an arrestable offense while absent from school — truancy alone is not a basis for an arrest.
 II Preemption Analysis
Under the doctrine of field preemption, the General Assembly may reserve to itself lawmaking authority over an entire field.See Ad + Soil, Inc. v. County Comm'rs,307 Md. 307, 324, 513 A.2d 893 (1986). Sometimes, the General Assembly expressly prohibits local *Page 196 
legislation on a subject, but frequently preemption is implied.[7]
See Allied Vending Inc. v. City of Bowie,332 Md. 279, 297-98, 631 A.2d 77 (1993). The operation of field preemption is simple — local legislative bodies may not legislate on the preempted subject. But determining whether the General Assembly has exercised its authority and discerning the boundaries of the preempted field can be less straightforward.
With respect to implied preemption, the Court of Appeals has stated that "[t]he primary indicia of legislative purpose to pre-empt an entire field of law is the comprehensiveness with which the General Assembly has legislated [in] the field." AlliedVending Inc., 332 Md. at 299 (1993) (internal quotation marks and citations omitted). One example of comprehensive State legislation is the State education law. In McCarthy v. Board ofEducation, 280 Md. 634, 651, 374 A.2d 1135 (1977), the Court of Appeals reviewed the State laws concerning education and concluded that State legislation in the field of education "demonstrates the occupation of that field by the State." Therefore, a county "was without power to legislate in this field." Id.
The boundaries of the preempted field were not drawn by the Court in McCarthy with precision. See 68 Opinions ofthe Attorney General 236, 237 (1983) ("[i]t is by no means entirely clear whether the Court . . . intended to hold that local authority had been wholly preempted in every matter relating to education"). However, in a variety of contexts, this Office has opined that State law occupies the field of public education and preempts most local legislation in the education area.See, e.g., id. (education budgeting); 92 Opinions ofthe Attorney General 117 (2007) (school attendance); 91 Opinions of the Attorney General 145 (2006) (audits); 85 Opinions of the AttorneyGeneral 167 (2000) (school budget conditions).
A key component of State education policy is the mandate that children attend a public school — or an approved substitute — until *Page 197 
they attain a certain age. Truancy, by definition, is simply a child's failure to comply with that mandate. It may be the case that truant children often engage in undesirable activities or commit delinquent acts while absent from school. But a child engaged in completely wholesome and productive activities is still a truant if absent from school without a lawful excuse. A law that addresses truancy is simply a law that enforces the mandatory schooling policy of the State education law. It is thus part of a field that has been preempted by the General Assembly.
As described above, the General Assembly has adopted various strategies to combat truancy and enforce the State's mandatory schooling policy. In some instances those strategies are targeted at particular localities; others apply State-wide. In our view, unless the Legislature specifically delegates to local governments the authority to adopt measures to enforce the mandatory attendance policy, a local law that criminalizes, or otherwise attempts to regulate, truancy is preempted by State law.
 III Conclusion
In summary, it is our opinion that a local law attempting to regulate truancy by providing for the arrest or detention of a student on the basis of truancy alone would be preempted by State law.
Douglas F. Gansler
Attorney General
Elizabeth M. Kameen
Assistant Attorney General
Robert N. McDonald
Chief Counsel
Opinions and Advice
[1] The statute literally requires attendance at a public
school unless the child is "otherwise receiving regular, thorough instruction during the school year in the studies usually taught in the public schools to children of the same age." ED § 7-301(a)(1). There are certain exemptions applicable to 5-year olds and children attending alternatives to kindergarten. ED § 7-301(a)(2)-(3), (f); COMAR 13A.08.01.02-2.
[2] A student may be subject to an "in school" suspension for attendance-related offenses. ED § 7-305(b)(2).
[3] The counties are Dorchester, Harford, Prince George's, Somerset, Wicomico, and Worcester.
[4] The statute specifically states that the Code violation is not a criminal conviction for any purpose. CJ § 3-8C-03(c).
[5] A petition may be filed against a child under the age of 12 only if an attempt was made to prosecute criminally the person with legal custody and care of the child and the prosecution was dismissed or stetted on the basis that the adult had made reasonable and substantial efforts to have the child in school. CJ § 3-8C-04(b); ED § 7-301(e-1).
[6] A minor may ordinarily obtain a learner's permit at the age of 15 years and nine months. TR § 16-103(c)(1).
[7] The implied preemption doctrine safeguards the General Assembly's decision "to occupy a specific field of regulation. . . ." Mayor and City Council of Baltimore v. Sitnick,254 Md. 303, 323,255 A.2d 376 (1969). The doctrine prevents "future local government trespass in [an] area of exclusive legislative authority. . ." County Council for Montgomery County v. MontgomeryAss'n, Inc., 274 Md. 52, 60 n. 5, 333 A.2d 596 (1975). Local "trespass" occurs if a local government purports to create enforceable rights or obligations within the preempted field — in other words, attempts to regulate within the field.See, e.g., Howard County v. Potomac Elec. Power Co.,319 Md. 511, 573 A.2d 821 (1990). *Page 198